UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br>    Plaintiff,<br>    v.<br>LT. TRUJILLO, et al.,<br>    Defendants. | Case No. 25-cv-04530-KAW (PR)<br><br>**ORDER TO SHOW CAUSE; AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, seeking damages for alleged civil rights violations. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP") as well as motions for appointment of counsel. Dkts. 8, 9, 11.

For the reasons stated below, the Court orders Plaintiff to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). The Court also DENIES his motions for appointment of counsel.

**I.  ORDER TO SHOW CAUSE**

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation. The word "frivolous" refers to a case that

is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

    *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

    A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals that may be counted as dismissals for purposes of section 1915(g): (1) *Price v. San Diego County Jail*, Case No. 3:16-CV-00668-CAM-BLM (S.D. Cal. Aug. 1, 2016) (dismissed for failure to state a cognizable claim for relief); (2) *Price v. Scott*, Case No. 3:16-CV-00411-DMS-NLS ("*Scott I*") (S.D. Cal. Feb. 28, 2017) (same); (3) *Price v. Scott*, Case No. 17-55336 ("*Scott II*") (9th Cir. June 14, 2017) (appeal dismissed as frivolous); and (4) *Price v. Galiu*, Case No. 3:16-CV-00412-BEN-PCL (S.D. Cal. Dec. 12, 2017) (complaint dismissed under *Heck*[1] and thus can constitute a dismissal for failure to state a claim).

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

1    Furthermore, the Ninth Circuit Court of Appeals has twice found that Plaintiff has had at least
2    three cases or appeals that qualify as dismissals under section 1915(g).  *See Price v. Lamb*, Case
3    No. 18-16681 (9th Cir. Dec. 20, 2018) (finding that appellant has had three or more prior actions
4    or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may
5    be granted, and appellant has not alleged imminent danger of serious physical injury); *Price v.*
6    *Wright*, Case No. 18-16682 (9th Cir. Dec. 19, 2018) (same).  The Court has evaluated each of
7    these cases based on their dismissal orders.  *See Andrews*, 398 F.3d at 1120.

8    In light of these dismissals, and because Plaintiff did not appear to be under imminent
9    danger of serious physical injury at the time of filing, *see Andrews v. Cervantes*, 493 F.3d 1047,
10   1053 (9th Cir. 2007), Plaintiff is ORDERED TO SHOW CAUSE in writing no later than **twenty-**
11   **eight (28) days** from the date of this Order why his motion for leave to proceed IFP should not be
12   denied and this action should not be dismissed pursuant to section 1915(g).  If Plaintiff is so
13   inclined, he may avoid dismissal by paying the $405[2] filing fee.  In any event, the Court will
14   continue to review under section 1915(g) all future actions filed by Plaintiff while he is
15   incarcerated and in which he seeks IFP status.

16   **II.    MOTIONS FOR APPOINTMENT OF COUNSEL**

17   Plaintiff also moves for the appointment of counsel to represent him in this action.  Dkts. 9,
18   11.

19   There is no constitutional right to counsel in a civil case unless an indigent litigant may
20   lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18,
21   25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to
22   counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952
23   (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under
24   28 U.S.C.§ 1915 only in "exceptional circumstances," the determination of which requires an
25   evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. December 1, 2023)).  Thus, the full filing fee for this action is $405.

1   articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525;
2   *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328,
3   1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on
4   a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. In addition, Plaintiff is being directed to show cause why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to section 1915(g). Accordingly, the motions for appointment of counsel are DENIED without prejudice. Dkts. 9, 11.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff is ORDERED TO SHOW CAUSE in writing no later than **twenty-eight (28) days** from the date of this Order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to section 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $405 filing fee. **Failure to file a timely response or failure to pay the full filing fee no later than 28 days from the date of this order will result in the dismissal of this action without further notice to Plaintiff.**

2. Plaintiff's motions for appointment of counsel are DENIED without prejudice. Dkts. 9, 11.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

4

*se* party indicating a current address. *See* L.R. 3-11(b).

4. This Order terminates Docket Nos. 9 and 11.

IT IS SO ORDERED.

Dated: October 16, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge